UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

April 21, 2015

LETTER TO COUNSEL

RE:  *Sarah K. Stevens v. Commissioner, Social Security Administration*;
Civil No. SAG-14-2897

Dear Counsel:

On September 11, 2014, Plaintiff Sarah K. Stevens petitioned this Court to review the Social Security Administration's final decision to deny her claim for Disability Insurance Benefits. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 11, 12). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2014). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. *See* 42 U.S.C. § 405(g); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny Ms. Stevens's motion, grant the Commissioner's motion, and affirm the judgment of the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

Ms. Stevens protectively filed a claim for Disability Insurance Benefits ("DIB") on July 29, 2010. (Tr. 85, 132-40). She alleged a disability onset date of May 18, 2010. (Tr. 132). Her claim was denied initially and on reconsideration. (Tr. 95-98, 100-01). A hearing was held on April 10, 2013, before an Administrative Law Judge ("ALJ"). (Tr. 58-84). Following the hearing, the ALJ determined that Ms. Stevens was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 25-42). The Appeals Council denied Ms. Stevens's request for review, (Tr. 1-5), so the ALJ's decision constitutes the final, reviewable decision of the agency.

The ALJ found that Ms. Stevens suffered from the severe impairments of fibromyalgia, disorders of the back, connective tissue disease, arthritis, and chronic pain syndrome. (Tr. 30). Despite these impairments, the ALJ determined that Ms. Stevens retained the residual functional capacity ("RFC") to:

> perform less than the full range of light work as defined in 20 CFR 404.1567(b), including lifting, carrying, pushing and pulling up to 10 pounds occasionally from waist to chest level; standing and walking for at least six hours and sitting for at least six hours within an eight-hour workday, but standing and walking for no longer than 30-60 minutes before sitting and sitting for no longer than 30 minutes at a time before standing; avoiding crawling, kneeling, and climbing ladders, ropes, and scaffolds and performing other postural movements on an occasional

> basis; and avoiding constant fingering, handling and grasping. Her work environment should have close proximity to a restroom such as an office setting on the same floor, and she must avoid working around hazards such as moving, dangerous machinery and unprotected heights. From a mental standpoint, the claimant is limited to simple, routine, repetitive tasks with minimal changes in the work routine and she must avoid fast pace work, such as assembly line jobs with production quotas.

(Tr. 31). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Stevens could perform jobs existing in significant numbers in the national economy and that, therefore, she was not disabled. (Tr. 36-37).

Ms. Stevens raises three arguments on appeal. First, she claims that the ALJ erred in evaluating the functional limitations caused by her fibromyalgia. Second, Ms. Stevens contends that the ALJ erred in assessing the credibility of her subjective complaints. Third, Ms. Stevens argues that the hypothetical the ALJ posed to the VE was improper. Each argument lacks merit and is addressed below.

Ms. Stevens first takes issue with the ALJ's evaluation of her fibromyalgia ("FM") in assessing her RFC. Social Security Ruling 12-2p, which governs the evaluation of FM at all steps of the sequential evaluation, explains that, in assessing a claimant's RFC, the ALJ should "consider [the] longitudinal record whenever possible because the symptoms of FM can wax and wane so that a person may have 'bad days and good days.'" SSR 12-2p, 2012 WL 3104869, at *6 (July 25, 2012). Ms. Stevens claims that, in assessing her RFC, the ALJ discredited her subjective complaints concerning the limiting effects of her FM by improperly relying on an absence of treatment and symptoms that are irrelevant to fibromyalgia. Pl. Mem. 4. Ms. Stevens specifically takes issue with the ALJ's reference to the fact that her pain "did not require any surgical intervention, emergent treatment, physical therapy or rehabilitation," as well as his statement that "physical examinations prior to the expiration of the [Ms. Stevens's] insured status indicate that she demonstrates full range of motion of the affected joints with no motor reflex or sensory deficits." *See* Pl. Mem. 4 (citing (Tr. 33)). I first note that the ALJ determined that Ms. Stevens suffered from a variety of impairments, and his discussion of the treatment she received for her pain as well as the symptoms she exhibited on physical examination did not pertain specifically to his assessment of the limitations caused by her FM. Moreover, although the symptoms she exhibited on physical examination may not be relevant to the diagnosis of FM or its status as a "severe" impairment, the presence of those symptoms is certainly relevant in determining the extent of the functional limitations caused by FM. Notably, moreover, Ms. Stevens does not identify a single piece of evidence illustrating how her fibromyalgia resulted in greater limitations than those included in the ALJ's RFC assessment. Because the ALJ considered the longitudinal record documenting Ms. Stevens's FM in accordance with SSR 12-2p, in addition to the record evidence concerning her other impairments, I find that the ALJ's RFC assessment was supported by substantial evidence.

Ms. Stevens also argues that the ALJ erred in assessing the credibility of her subjective complaints.[1] In particular, she contends that the ALJ did not evaluate the side effects caused by her medications. To the contrary, however, the ALJ not only noted Ms. Stevens's reported medication side effects, but he explicitly stated that the "evidence of record does not support that [Ms. Stevens's] side effects were debilitating or that she experienced significant secondary depression or anxiety requiring professional mental health treatment." (Tr. 33). Ms. Stevens also takes issue with the ALJ's assessment of her complaints of fatigue, claiming that the ALJ failed to determine how much time she would be off task. However, once again, the ALJ explicitly addressed Ms. Stevens's complaints of pain and fatigue, stating that he credited them, and that he thus included limitations regarding her ability to "maintain attention and concentration for complex tasks, and tolerate stress" in his RFC assessment. Ms. Stevens has not alleged how the ALJ's accommodation for her complaints of fatigue in his RFC assessment was inadequate. Ms. Stevens has likewise not identified any evidence undermining the ALJ's credibility assessment, and I find that the ALJ provided substantial evidence in support thereof.

Finally, Ms. Stevens contends that the hypothetical the ALJ posed to the VE was improper because it did not contain all of Ms. Stevens's functional limitations. However, the ALJ is afforded "great latitude in posing hypothetical questions," *Koonce v. Apfel*, No. 98-1144, 1999 WL 7864, at *5 (4th Cir. Jan 11, 1999), and need only pose those that are based on substantial evidence and accurately reflect a claimant's limitations. The transcript of the hearing confirms that each of the limitations that the ALJ deemed credible in his RFC assessment were included in the hypothetical the ALJ posed to the VE. *Compare* (Tr. 31) *with* (Tr. 79-81). Because, as discussed above, Ms. Stevens has not identified evidence supporting limitations beyond those included in the ALJ's RFC assessment, and because the ALJ provided substantial evidence in support of that assessment, his reliance upon the VE's testimony was proper.

For the reasons set forth herein, Ms. Stevens's Motion for Summary Judgment (ECF No. 11) is DENIED and Defendant's Motion for Summary Judgment (ECF No. 12) is GRANTED. The Commissioner's judgment is AFFIRMED pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk is directed to CLOSE this case.

---

[1] In evaluating Ms. Stevens's credibility, the ALJ stated that Ms. Stevens's "statements concerning the intensity, persistence and limiting effects of her symptoms [were] not entirely credible for the reasons explained in [his] decision." (Tr. 32). The ALJ's statement is similar to the problematic boilerplate language that the Fourth Circuit recently determined warranted remand in *Mascio v. Colvin*, No. 13-2088, 2015 WL 1219530, at *5 (4th Cir. Mar. 18, 2015). It is, however, critically distinguishable from that boilerplate because it does not reference the ALJ's RFC assessment and thus does not imply that the ALJ first assessed Ms. Stevens's RFC and then used that assessment to determine her credibility. *See id.* Moreover, the ALJ cured any issue created by his use of boilerplate credibility language by thereafter properly and thoroughly analyzing Ms. Stevens's credibility, specifically noting which of her complaints were credited. (Tr. 33).

*Sarah K. Stevens v. Commissioner, Social Security Administration*
Civil No. SAG-14-2897
April 21, 2015
Page 4

    Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

                        Sincerely yours,

                        /s/

                        Stephanie A. Gallagher
                        United States Magistrate Judge